IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LANCE HENDERSON, KRISTY HENDERSON, FALKBUILT LTD and FALK MOUNTAIN STATES, LLC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:19-cv-144 DPB <br><br> District Judge David P. Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff DIRTT Environmental Solutions Inc.'s Motion for a Protective Order to maintain the Confidential Attorney Eyes Only designation of Plaintiff's response to Defendant Falkbuilt Ltd.'s Interrogatory No. 4.[1] (ECF No. 102.) The court will deny the motion.

## BACKGROUND

Plaintiff offers services "in the prefabricated, interior design and construction market space." Compl. ¶ 4, ECF No. 2. It uses proprietary "ICE Software" to help in manufacturing and virtual-reality visualization. Plaintiff alleges certain Defendants left DIRTT to become employees of Falkbuilt. These individuals also allegedly took information utilized while in DIRTT's employ, including designs, know-how, and certain trade secrets such as pricing information and customer contact information.

---

[1] District Judge Dee Benson initially referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 14.) It is now assigned to District Judge David B. Barlow who affirmed the prior order of reference. (ECF No. 41.) The court elects to decide the motion on the basis of the written memoranda. See DUCivR 7-1(f).

DISCUSSION

Defendant propounded Interrogatory Number 4, which states, "[i]dentify all projects in the United States for which Falkbuilt Ltd. or one its dealers or branches has bid against DIRTT Environmental Solutions, Inc. or one of its Distribution Partners." (ECF No. 102-1.) In response, Plaintiff answered with a short list of projects and designated them as Confidential Information - Attorney Eyes Only. Defendant challenges this designation, because it prevents Defense counsel from being able to ask about these projects to determine whether Falkbuilt, or one of its independent dealers, submitted a bid on the identified projects. In essence, the designation impedes Falkbuilt's ability to mount a defense to Plaintiff's claims. In contrast, Plaintiff argues there is no need for Falkbuilt to have wider access to "the very information DIRTT seeks to protect through this lawsuit."

The court's standard protective order, which governs confidential information in this case, provides:

> The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.[2]

---

[2] https://www.utd.uscourts.gov/sites/utd/files/Standard_Protective_Order.pdf (last accessed October 21, 2020).

Presumably, the information provided by Plaintiff, could fit within category 2 "sensitive business information", which includes "potential or actual customers."

Under the Standard Protective Order, information that is not designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY", may be designated as "CONFIDENTIAL INFORMATION." This category of confidential material includes items such as, social security numbers, account numbers, phone numbers, and medical records.

Whether information is designated as "ATTORNEYS EYES ONLY" or "CONFIDENTIAL INFORMATION" under the protective order, it is subject to certain restrictions. For example, qualified recipients of such information are to hold it in confidence, and "shall use the information only for purposes of [the particular court action] and for no other action, and shall not use it for any business or other commercial purpose." Standard Protective Order p. 9.

After considering the purposes behind the different confidential information designations, the court finds Plaintiff's designation of its Answer to Interrogatory Number 4 similar to the improper designation of work product. "[A] litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion." *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 (10th Cir. 1998); *see also Seneca Ins. Co., Inc. v. Western Claims, Inc.*, 774 F.3d 1272, 1278 (10th Cir. 2014). Plaintiff's Complaint asserts that Defendant is using its "confidential information and trade secrets to identify and approach customers and potential customers, utilizing pricing and margin information to undercut DIRTT's quotes, and utilizing DIRTT's patented and trade secret technology to gain an unfair advantage in product offerings." Compl. ¶ 26, ECF No. 2. The answer to Interrogatory Number 4

identifies some of those alleged potential customers. It would be inherently unfair to allow Plaintiff to assert that the answer to Interrogatory Number 4 demonstrates a stealing of trade secrets, without allowing Defendant to test this assertion. A litigant cannot use a CONFIDENTIAL-ATTORNEYS EYES ONLY as a sword and shield. Defendant must be provided with an adequate opportunity to test Plaintiff's claims.

In addition, the court has recognized that an attorney eyes only designation is "usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor." *Martinez v. City of Ogden*, No. 1:08CV00087TCDN, 2009 WL 424785, at *2 (D. Utah Feb. 18, 2009). Here, a CONFIDENTIAL INFORMATION designation will fully protect against potential business harm. Thus, there is no need for a stricter designation.

Plaintiff's motion is DENIED.

DATED this 22 October 2020.

_____
Dustin B. Pead
United States Magistrate Judge