IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LANCE HENDERSON, KRISTY HENDERSON, FALKBUILT, LLC and FALK MOUNTAIN STATES, LLC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:19-cv-144 DPB <br><br> District Judge David P. Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff DIRTT Environmental Solutions Inc.'s Short Form Motion to Compel Production of Falkbuilt Ltd. Information from Canadian Employees.[1] (ECF No. 82.) The court will deny the motion.

BACKGROUND

Plaintiff offers services "in the prefabricated, interior design and construction market space." Compl. ¶ 4, ECF No. 2. It uses proprietary "ICE Software" to help in manufacturing and virtual-reality visualization. Plaintiff alleges certain Defendants left DIRTT to become employees of Falkbuilt. These individuals also allegedly took information utilized while in DIRTT's employ, including designs, know-how, and certain trade secrets such as pricing information and customer contact information.

---

[1] District Judge Dee Benson initially referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 14.) It is now assigned to District Judge David B. Barlow who affirmed the prior order of reference. (ECF No. 41.) The court elects to decide the motion on the basis of the written memoranda. See DUCivR 7-1(f).

DISCUSSION

This dispute is governed by Federal Rule 26. Federal Rule of Civil Procedure 26(b)(1) provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. F.R.C.P. 26(b)(1).

Plaintiff seeks to compel production of information from Canadian employees of Defendant Falkbuilt Ltd. Plaintiff's Complaint avers that until January 2018, Mogens Smed was "the Calgary-based CEO of DIRTT." Compl ¶ 19. Mr. Smed agreed to refrain from competing with DIRTT and from soliciting DIRTT employees for a period of two years after leaving. Yet, Defendant Falkbuilt appears to directly compete with DIRTT, and "over 50 DIRTT employees have joined Falkbuilt." *Id.* The alleged "breach of Mr. Smed's common law employment obligations and express contractual obligations to DIRTT is the subject of ongoing litigation in Alberta, Canada and will be adjudicated by the Canadian courts. This particular action concerns the theft and improper use of DIRTT's confidential information in the United States." *Id.*

Plaintiff argues it is "entitled to conduct discovery on its claims as pled." Mtn p. 3. Defendant does not disagree with this assertion, and *Randall R v. Regence Blue Cross Blue Shield of Utah*, No. 2:18-CV-00381-DB-PMW, 2020 WL 109512, at *2 (D. Utah Jan. 9, 2020), a case from this district Plaintiff cites to, also supports this assertion. *See also*, *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192, 2009 WL 1594002 (10th Cir. 2009) (noting that what is "'relevant to the claims or defenses depends on the circumstances of the pending action.'")

2

(quoting Fed. R. Civ. P. 26 advisory committee's note (2000)). This court also agrees that Plaintiff may conduct discovery on its claims as pled.

As set forth above, the Complaint focuses on the theft and improper use of DIRTT's confidential information in the United States. As such, the court is not persuaded that discovery from Canadian employees need be included in this particular case. Plaintiff notes there is another action in the Canadian courts. And that, appears to be a more proper venue to discover the use or misuse of alleged trade secrets by Canadian employees of Falkbuilt.

Plaintiff's motion is therefore DENIED.

DATED this 22 October 2020.

_____
Dustin B. Pead
United States Magistrate Judge