IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC.; DIRTT ENVIRONMENTAL SOLUTIONS LIMITED,<br><br>                Plaintiffs,<br>v.<br><br>LANCE HENDERSON, KRISTY HENDERSON; FALKBUILT, INC.; FALKBUILT LTD.; MOGENS SMED; FALK MOUNTAIN STATES, LLC,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL<br><br>Case No. 1:19-cv-144 DPB<br><br>District Judge David P. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiffs' Short Form Motion to Compel Falkbuilt Ltd.'s Responses to Document requests. (ECF No. 73.) [1]

BACKGROUND

Plaintiffs offer products and services for the "digital design of component, prefabricated construction to build out interior spaces in buildings (referred to as "interior construction")." Amended Compl. ¶ 4, ECF No. 117. Plaintiffs allege certain Defendants left DIRTT to become employees of Falkbuilt. These individuals allegedly took information utilized while in DIRTT's employ, including designs, know-how, and certain trade secrets such as pricing information and customer contact information.

---

[1] District Judge Dee Benson initially referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 14.) It is now assigned to District Judge David B. Barlow who affirmed the prior order of reference. (ECF No. 41.) The court elects to decide the motion on the basis of the written memoranda. See DUCivR 7-1(f).

DISCUSSION

Plaintiffs seek an order compelling responses to its document requests. According to Plaintiffs, Falkbuilt Ltd. provided "220 pages of objections … and only one internal document." (ECF No. 73 p. 2.). Specifically, Plaintiffs ask the court to strike the "boilerplate objections", require key word searches, and the production of:

- Information taken from DIRTT (e.g., Requests 3-8);
- Documents regarding Falkbuilt's relationship with Partners (Request 48);
- Documentation of Falkbuilt's business activities, including marketing materials (e.g., Requests 57, 58, 62);
- Financial records supporting Falkbuilt's counterclaim (e.g., Requests 49-51); and
- Documents supporting Falkbuilt's affirmative defenses (e.g., Requests 37-41, 65).

(ECF No. 73 p. 4.)

Interestingly, Falkbuilt Ltd. first argues Plaintiffs' motion is premature because "<u>meet and confer discussions were and still are ongoing</u>." (ECF no. 86 p. 2, emphasis in original.) Defendant further notes that it has produced 3,143 pages of documents, and its production is ongoing.

At the heart of the Federal Rules of Civil Procedure is the premise that "reasonable lawyers can cooperate to manage discovery without the need for judicial intervention." Fed. R. Civ. P. 26(b)(1), advisory committee notes (2000). Thus, civil discovery in the federal courts should, presumptively for the most part, be "'a self-managed process.'" *Federal Deposit Insurance Corp. v. Bowden*, 2014 WL 2548137, at *12 (S.D.Ga. June 6, 2014) (quoting *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5781274, at *4 (M.D.Fl. Oct. 25, 2013)). As one court noted, "Discovery is intended to be extrajudicial and self-executing. It should require, at most,

infrequent court involvement." *Selectica, Inc. v. Novatus, Inc.*, 2014 WL 1930426, at *2 (M.D.Fla. May 14, 2014). Truly effective advocacy is not only consistent with cooperation, it also depends upon the cooperative and proportional use of procedure, such as in the filing of motions. Fed. R. Civ. P. 26(b)(1), advisory committee notes (2000).

A review of the history in this case indicates a lack of cooperation. Yet, with the court recently resolving the apparent unwillingness of the parties to move forward without first identifying with "reasonable particularity" the trademarks at issue, (ECF No. 145.), the court is hopeful that a spirit of cooperation and compromise might return to this case. Indeed, the court expects it under the Federal Rules, Local Rules, and the rules governing the Utah State Bar. *See, e.g., Evans v. Taylorsville City*, 2009 WL 10728297, at *2 (D. Utah Apr. 17, 2009) ("the court feels constrained to admonish all counsel in this case to practice simple rules of civility and professionalism. Regardless of past grievances, real or perceived, the motion before the court has generated an undue waste of resources, both in time and money, for the parties, counsel, and the court. The court expects better, and will hold all counsel to a higher standard in the future.")

Because the meet and confer process regarding the issues in this motion are still ongoing, the court DENIES WITHOUT PREJUDICE this motion and ORDERS the parties to use their best efforts to meaningfully resolve disputes that arise from these discovery requests.

DATED this 27 January 2021.

_____
Dustin B. Pead
United States Magistrate Judge