IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC.; DIRTT ENVIRONMENTAL SOLUTIONS LIMITED,<br><br>Plaintiffs,<br>v.<br><br>LANCE HENDERSON, KRISTY HENDERSON; FALKBUILT, INC.; FALKBUILT LTD.; MOGENS SMED; FALK MOUNTAIN STATES, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL PRODUCTION OF FALKBUILT, LTD INFORMATION FROM CANADIAN EMPLOYEES<br><br>Case No. 1:19-cv-144 DPB<br><br>District Judge David P. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff DIRTT Environmental Solutions Inc.'s Short Form Motion to Compel Production of Falkbuilt Ltd. Information from Canadian Employees.[1] (ECF No. 82.) The undersigned originally denied the motion. (ECF No. 124.) Plaintiffs filed an objection and a motion to reconsider arguing that the order was dispositive in its effect, and that it was based on a mistaken assumption. Based upon those arguments, District Judge David Barlow returned this matter to the undersigned with instructions. The court considers those instructions below and addresses the motion.

BACKGROUND

Plaintiffs offer products and services for the "digital design of component, prefabricated construction to build out interior spaces in buildings (referred to as "interior construction")."

---

[1] District Judge Dee Benson initially referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 14.) It is now assigned to District Judge David B. Barlow who affirmed the prior order of reference. (ECF No. 41.) The court elects to decide the motion on the basis of the written memoranda. See DUCivR 7-1(f).

Amended Compl. ¶ 4, ECF No. 117. Plaintiffs allege certain Defendants left DIRTT to become employees of Falkbuilt. These individuals allegedly took information utilized while in DIRTT's employ, including designs, know-how, and certain trade secrets such as pricing information and customer contact information.

## DISCUSSION

This dispute is governed by Federal Rule 26. Federal Rule of Civil Procedure 26(b)(1) provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. F.R.C.P. 26(b)(1).

Plaintiffs seek to compel production of information from Canadian employees of Defendant Falkbuilt Ltd. Plaintiffs' allege that until January 2018, Mogens Smed was "the Calgary-based CEO" of DIRTT. Amended Compl. ¶ 21. Mr. Smed agreed to refrain from competing with DIRTT and from soliciting DIRTT employees for a period of two years after leaving. Yet, Defendant Falkbuilt appears to directly compete with DIRTT, and according to Plaintiffs, over 50 DIRTT employees have joined Falkbuilt. *Id.* ¶ 39.

The undersigned denied the Motion to Compel and it was returned under Fed. R. Civ. P. 72(b) with the following instructions:

1) That Plaintiff *DIRTT, Inc*. is not a party to the Canadian action and therefore cannot seek discovery in that action;

2) That the Canadian action allegedly involves different subject matter—enforcing provisions in Canadian employment contracts and effects felt by *DIRTT Ltd.* in Canada arising from alleged breaches of those provisions—and that the discovery *DIRTT, Inc*. seeks is irrelevant to the Canadian Action; and

    3) Whether, given the alleged differences between this action and the Canadian action, the discovery Plaintiff *DIRTT, Inc*. seeks is within the scope of its pleading in this action and whether Plaintiff *DIRTT, Inc*. is entitled to it pursuant to Fed. R. Civ. Proc. 26(b)(1).

Order Returning with Instructions p. 2-3, ECF No. 142.

The scope of discovery under Federal Rule 26(b) is broad at this stage of the case. As noted by the Supreme Court, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (same). Yet, discovery is not without limits, as considerations of both relevance and proportionality now govern the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Consideration of proportionality is not new, however, as it has been a part of the federal rules since 1983. *See id.* And the parties' responsibilities in a discovery dispute remain the same as under the pre-amendment Rule. *See id.* Thus, when the requested discovery appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

Plaintiffs' Complaint alleges that Defendants have conspired to misappropriate a large number of DIRTT trade secrets, including for example, "pricing information, design documents [and] client specific project documents." Amended Compl. ¶ 162. This includes former DIRTT employees, who are now employed by Defendant Falkbuilt in Canada. Defendants, including Mr.

Smed the "Calgary-based CEO", have also allegedly made false representations of associating with Plaintiffs through social media. *Id.* ¶ 202. In essence, Plaintiffs' Complaint "refers to utilization of DIRTT information, not where it was taken, and alleges Canadian wrongdoing." (ECF No. 82 p. 3.)

Falkbuilt, Ltd. seeks to resist Plaintiffs' motion primarily by drawing a distinction of where the information was taken—the United States not Canada—and where it is being used—once again the United States. Yet, after considering the fact that the Canadian action involves a different subject matter than this case, and that one of the Plaintiffs here, *DIRTT, Inc.*, is a Colorado company, that is not a party to that case, the court is not persuaded by Falkbuilt Ltd.'s position. And, Defendants remaining arguments are undermined by the Amended Complaint.[2]

After reconsidering the matter with the aforementioned information, and finding that the discovery requests comport with Rule 26, the court GRANTS the Motion to Compel. (ECF No. 82.)

IT IS SO ORDERED.

DATED this 27 January 2021.

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] For example, DIRTT Environmental Solutions Ltd., is now a named Plaintiff.