THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC., and DIRTT ENVIRONMENTAL SOLUTIONS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> LANCE HENDERSON, KRISTY HENDERSON, FALKBUILT, INC., FALKBUILT LTD., MOGENS SMED, and FALK MOUNTAIN STATES, LLC, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [134] MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANTS FALKBUILT LTD., FALKBUILT INC. AND MOGENS SMED AND DENYING PLAINTIFFS' ORAL MOTION TO AMEND <br><br> Case No. 1:19-cv-00144-DBB <br><br> District Judge David Barlow |

Before the court is Defendants Falkbuilt, Ltd., Falkbuilt, Inc., and Mogens Smed's Motion to Dismiss First Amended Complaint as to Defendants Falkbuilt, Ltd., Falkbuilt, Inc. and Mogens Smed ("Motion to Dismiss").[1] Plaintiffs filed a memorandum in opposition and Defendants replied.[2] On May 19, 2021, a hearing on the Motion to Dismiss was held. At that time, the court preliminarily granted the Motion to Dismiss and directed Defendants to file a notice with the court regarding their consent to be bound by the stipulated preliminary injunction and to not object if Plaintiffs seek to have the preliminary injunction entered in the related, ongoing action in Canada.[3] At the conclusion of the hearing, Plaintiffs made an oral motion for

---

[1] ECF No. 134, filed Nov. 19, 2020. Defendants Lance Henderson, Kristy Henderson, and Falk Mountain States, LLC did not join in the motion or otherwise respond.
[2] Opposition to Motion to Dismiss First Amended Complaint as to Falkbuilt Ltd., Falkbuilt, Inc. and Mogens Smed [Dkt. 134], ECF No. 139, filed Dec. 17, 2020; Reply Memorandum in Support of Motion to Dismiss First Amended Complaint as to Falkbuilt Ltd., Falkbuilt, Inc., and Mogens Smed (Dkt. 134), ECF No. 143, filed Jan. 15, 2021.
[3] Minute Entry for Proceedings held before Judge David Barlow, ECF No. 162, entered May 19, 2021.

leave to amend their complaint to address the court's observations about Plaintiffs' collective pleading and the fact that the complaint did not, despite attorney argument, clearly limit alleged injuries and damages to the United States. The court took the motion under advisement.

The court now denies Plaintiff's motion to amend because it would be futile. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleadings, after the time for amending as a matter of course, "only with the opposing party's written consent or the court's leave."[4] "Although leave to amend shall be freely given when justice so requires, whether leave should be granted is within the trial court's discretion."[5] "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason[.]"[6] The key facts relevant to the court's forum non conveniens decision cannot be changed. The two competitor parent companies in this matter, DIRTT, Ltd. and Falkbuilt, Ltd., are both Canadian companies with their primary places of business in Alberta, Canada. DIRTT, Ltd. initially filed suit against Falkbuilt, Ltd. in Alberta, Canada, alleging that its former CEO, Mogens Smed, a resident of Alberta, Canada, misappropriated trade secrets and wrongfully recruited DIRTT, Ltd. employees when he founded Falkbuilt, Ltd. in Alberta, Canada. The allegedly wrongful actions spread to the United States, involving multiple other related or otherwise involved entities and individuals.

Plaintiffs have proposed that they file a third complaint to clarify their general treatment of DIRTT, Ltd. and DIRTT, Inc. collectively and to expressly aver that they are seeking no damages outside of the United States. While this could have some effect on the forum non

---

[4] Fed. R. Civ. P. 15(a).
[5] *Las Vegas Ice & Cold Storage Co. v. Far w. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (internal citations omitted).
[6] *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

conveniens analysis, its impact would be too limited to change the overall outcome. Canada remains an adequate alternative forum, Canadian law is applicable, and the private and public interests favor dismissal.[7] Although the dispute between the parties has grown beyond Canada, the parent companies are in Alberta, the former CEO of one and current founder of the other is in Alberta, the intellectual property at issue is owned by an Alberta entity, and the first wrongful acts allegedly occurred there. Clarifying the roles of DIRTT, Ltd. (an Alberta, Canada company with its principal place of business in Alberta, Canada) and DIRTT, Inc. (originally identified by Plaintiffs as a Colorado company with its principal place of business in Alberta, Canada, but now allegedly a U.S.-only business) would not result in a different forum non conveniens determination. Neither would limiting the claim for injuries to the United States, though that would make the issue a marginally closer decision. The court in Alberta, Canada where DIRTT, Ltd. first initiated litigation, where depositions already are scheduled, and where the two parent companies are located, clearly is the most convenient forum for the broader litigation and any trial between the parties—including Defendants' counterclaims which this court recently dismissed at Plaintiff's request in favor of the Alberta court—no matter what subsequent amendments Plaintiffs might propose in this litigation.

     Engaging in a futile exercise simply increases the costs for all involved. Accordingly, the court must deny Plaintiffs' motion for leave to file a third complaint in this matter, at least for its intended purpose of altering the court's forum non conveniens decision. The case will continue here against Falk Mountain States, LLC, Lance Henderson, and Kristy Henderson—the Utah entity and individuals only. Should Plaintiffs find a need to file an amended complaint against

---

[7] *Archangel Diamond Corp. Liquidating Trust v. Lukoil*, 812 F.3d 799, 804-09 (10th Cir. 2016).

these Utah-based defendants and can show good cause, they may file a timely motion for leave to amend.

## ORDER

For the reasons stated on the record at the conclusion of the May 19, 2021 hearing on the motion, Defendants' Motion to Dismiss is GRANTED. Plaintiffs' First Amended Complaint and any claims therein with respect to Defendants Falkbuilt, Ltd., Falkbuilt, Inc., and Mogens Smed are DISMISSED WITHOUT PREJUDICE.

Plaintiffs' oral motion to amend their complaint is DENIED.

Based upon the stipulation of the parties,[8] the parties agree to be bound by the terms of the preliminary injunction and to facilitate entry of the preliminary injunction by the Canadian court, if Plaintiffs so choose.

Based upon the stipulation of the parties, documents designed as "attorneys-eyes-only" by Plaintiffs and Defendants Falkbuilt, Ltd., Falkbuilt, Inc., and Mogens Smed may be shared with their Canadian counsel, subject to the same confidentiality requirements.

Signed May 21, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[8] Defendants filed their notice, confirming their agreement to be bound by the stipulated preliminary injunction. Notice of Consent: (1) To Canadian Jurisdiction by Falkbuilt, Inc., and (2) To Entry of Stipulated Preliminary Injunction in the Court of Queen's Bench, Alberta as to Falkbuilt, Ltd., Falkbuilt, Inc. and Mogens Smed, ECF No. 163, filed May 21, 2021.