# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LANCE HENDERSON, KRISTY HENDERSON, FALKBUILT LTD., and FALK MOUNTAIN STATES, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [168] MOTION FOR RULE 54(b) CERTIFICATION OF DOCKET NO. 164** <br><br> Case No. 1:19-cv-144 DBB-DBP <br><br> District Judge David Barlow <br><br> Magistrate Judge Dustin B. Pead |

Before the court is Plaintiffs' Motion for Rule 54(b) Certification of Docket No. 164 (the Motion).[1] Defendant Falkbuilt Ltd. has not responded, and the time for filing a response has passed.[2]

Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no

---

[1] ECF No. 168. In their motion, Plaintiffs indicate that they also plan to appeal "that portion of the [court's] Order that dissolves the Preliminary Injunction previously granted and entered by the Court." *See* Motion at 2 n.1. The court notes that there is no order dissolving the parties' stipulated preliminary injunction, ECF No. 61, which is the only preliminary injunction in this case. The court did not order the dissolution of the stipulated preliminary injunction in either its oral ruling on May 19, 2021 (ECF No. 166) or its May 21, 2021 Memorandum Decision (ECF No. 164) adopting the oral ruling on May 19 and denying the motion for leave to amend. Instead, the court found that "the parties agree to be bound by the terms of the preliminary injunction and to facilitate entry of the preliminary injunction by the Canadian Court, if Plaintiffs so choose." ECF No. 164.

[2] Defendants Lance Henderson, Kristy Henderson, and Falk Mountain State LLC (Henderson Defendants), who were not participants in the motion to dismiss, filed a notice of non-opposition to the motion. ECF No. 174.

just reason for delay." Rule 54(b) certification is appropriate only if the judgment at issue is final and there is no just reason for delay.[3]

The court's dismissal of Plaintiffs' claims against the Falkbuilt Defendants on grounds of *forum non conveniens* is final. While Plaintiffs are free to bring those claims in the Alberta court where the closely-related litigation is pending, the order does prevent Plaintiffs from refiling those claims in this court. Therefore, this court's determination regarding the claims covered by its order is final.[4]

Also, the court is unaware of any just reason for delay. There is no reason why the dismissal cannot be reviewed now because there are no concerns that an appellate court would have to decide this same issue again "even if there were subsequent appeals."[5] The issue of the court's *forum non conveniens* dismissal should only arise once in the litigation. Accordingly, the court finds there is no just reason for delay of the requested appeal.

For the reasons stated above, the court hereby GRANTS Plaintiffs' motion.

Signed July 1, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[3] *Stockman's Water Co., LLC v. Vaca P'ship, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

[4] *See Norwood v. Kirkpatrick*, 349 U.S. 29, 31–32 (1955) ("A dismissal in application of that (forum non conveniens) or any other principle puts an end to the action and hence is final and appealable." (citation omitted)); *accord Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582, 590 (2020) ("Orders denying a plaintiff the opportunity to seek relief in its preferred forum often qualify as final and immediately appealable, though they leave the plaintiff free to sue elsewhere.").

[5] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).