IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC., and DIRTT ENVIRONMENTAL SYSTEMS, LTD.,<br><br>                        Plaintiffs,<br><br>v.<br><br>LANCE HENDERSON, KRISTY HENDERSON, and FALK MOUNTAIN STATES, LLC.,<br><br>                        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY<br><br>Case No. 1:19-cv-144 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Lance Henderson, Kristy Henderson, and Falk Mountain States, LLC, Motion to Stay.[1] (ECF No. 179.) Defendants seek expedited treatment of their motion due to rapidly approaching depositions noticed for early to mid-September.[2] (ECF No. 189.) For the reasons stated herein the court grants the motion.

BACKGROUND

Previously, the court granted a Motion to Dismiss on the grounds of *forum non conveniens*, dismissing certain Defendants originally in this action that are located in Canada (Canadian Defendants). (ECF No. 164.) In its decision the court noted:

> The court in Alberta, Canada where DIRTT, Ltd. first initiated litigation, where depositions already are scheduled, and where the two parent companies are located, clearly is the most convenient forum for the broader litigation and any trial between the parties—including Defendants' counterclaims which this court recently dismissed at Plaintiff's request in favor of the Alberta court ….

---

[1] This case is referred to the undersigned from Judge David B. Barlow under 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 14.) The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1 (2020).

[2] The court grants expedited consideration based upon the entry of this order. The parties are in agreement that the court's decision on this motion should be expedited. (ECF No. 193.)

(ECF No. 164 p. 3.) The Canadian Defendants include Falkbuilt Ltd., Falkbuilt, Inc. and Mogens Smed, who consented to "service of process in Alberta, Canada, and to the jurisdiction of the Court of Queen's Bench of Alberta." (ECF No. 163.) Following the dismissal, Plaintiffs sought to certify the court's ruling as final, which the court granted (ECF No. 178.), and an appeal of that decision was raised to the Tenth Circuit. That appeal is still pending.

Defendants take no position on the appeal. Yet, Defendants express concern that the disposition of the appeal in Plaintiffs' favor will create problems with any discovery done during the pendency of the appeal. Presuming Plaintiffs' prevail, the Canadian Defendants would then return to this case, which would create a need to redo discovery, such as depositions, because Plaintiffs are seeking joint and several liability toward the U.S. Defendants and the dismissed Canadian Defendants. Defendants therefore urge that the court stay this matter pending the Tenth Circuit's decision.

DISCUSSION

As noted by the Supreme Court, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936). When deciding to exercise its inherent power to stay, the court considers: "'(1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent results; and (3) whether the stay would not work undue hardship or prejudice against the plaintiff.'" *U.S. ex rel. Cache Valley Elec. Co. v. Travelers Cas. & Sur. Co. of Am*., No. 2:13-CV-01120-DN, 2015 WL 164064, at *3 (D. Utah

Jan. 13, 2015) (quoting *Sparks v. Saxon*, No. 2:09–cv–00151–DAK, 2009 WL 2886029 at *5 (D.

Utah Sep.3, 2009) (unpublished)). The court finds the factors narrowly weigh in favor of a stay.[3]

  "The factor of judicial economy is 'measured in terms of simplifying or complicating of

issues, proof, and questions of law which could be expected to result from a stay.'" *Capitol*

*Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299 MCA/LAM, 2015 WL 11117308, at *3

(D.N.M. Mar. 31, 2015) (quoting *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962));

*see also Landis*, 299 U.S. at 256 (considering, among other factors, that "in all likelihood

[resolution of a parallel proceeding] will settle many [issues] and simplify them all"). Defendants

argue a "stay will promote judicial economy by avoiding the possibility of having to effectively

duplicate expensive and time-consuming discovery and motion practice in the event the

[Canadian Defendants] return to the case." (ECF No. 179 p. 5.) The court agrees that motion

practice would be simplified because if Plaintiffs prevail, the Canadian Defendants would need

to file motions to reopen certain discovery or likely file additional motions to compel. Plaintiffs'

arguments that Defendants have been silent regarding any potential conflicts with the Canadian

Defendants, and that they have not taken inconsistent positions thus far, does not undermine the

judicial economy gains for a short stay. Moreover, Plaintiffs' own arguments in its Motion for

Rule 54(b) Certification note the risk of duplicative litigation following a successful appeal

"because this Court would then have to address the merits of the claims against the Falkbuilt

---

[3] Even under the "heavy burden" standard advanced by Plaintiffs, the court still finds a stay appropriate. *See, e.g., Miller v. Basic Rsch., LLC*, No. 2:07-CV-871 TS, 2011 WL 818150, at *3 (D. Utah Mar. 2, 2011) ("[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.") (quoting *Landis*, 299 U.S. at 255).

Defendants after the merits of the claims against the Henderson Defendants are completely resolved." (ECF No. 168 p. 8.) Avoiding costly and duplicative piecemeal litigation is a hallmark of judicial economy and thus supports a stay.

Next, the potential for piecemeal litigation as argued by Plaintiffs, also creates an increased risk of inconsistent results, especially in discovery disputes during the pending appeal. Plaintiffs argue that if the court "now determines that the case should be stayed … it will be effectively conceding that Judge Barlow's reasoning was incorrect." Op p. 9, ECF No. 184. The court disagrees. A decision to stay, based upon the present circumstances, and Plaintiffs' arguments made before the court in another motion, does not undermine the prior reasoning of the court. The second factor weighs in favor of a stay.

Finally, a stay does not work undue hardship or prejudice against Plaintiffs. A preliminary injunction is in place that reduces any risk of ongoing harm in this case. In addition, as noted by Defendants, it is very likely that the appeal will be decided by the Tenth Circuit in a relatively short time frame. In fact, the court basses its decision in part on the premise that the stay will be of a relatively short time frame, further minimizing any hardship or prejudice. Accordingly, the Motion for Stay is granted.

ORDER

Defendants' Motion to Stay is GRANTED. The case is stayed pending decision by the Tenth Circuit of Plaintiffs' appeal. The parties are ORDERED to provide an update on the status of the appeal, and this case, within 12 months if the Tenth Circuit has not rendered a decision on Plaintiffs' appeal. All other pending motions, (ECF No. 191, ECF No. 192), are DENIED WITHOUT PREJUDICE at this time and may be renewed if needed following the resolution of Plaintiffs' appeal.

4

IT IS SO ORDERED.

DATED this 23 August 2021.

_____
Dustin B. Pead
United States Magistrate Judge