THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC.; DIRTT ENVIRONMENTAL SOLUTIONS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>LANCE HENDERSON, KRISTY HENDERSON; FALKBUILT, INC.; FALKBUILT LTD.; MOGENS SMED; FALK MOUNTAIN STATES, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:19-cv-144-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants move the court to (1) Stay Discovery and (2) vacate the Fourth Amended Scheduling Order.[1] Defendants request a stay of discovery pending a decision on their Joint Motion to Dismiss Second Amended Complaint for *Forum Non Conveniens* and pending a decision by the Fifth Circuit Court of Appeals in a related appeal. On April 16, 2024, the Fifth Circuit, relied on the "first to file" doctrine in affirming the dismissal of a suit filed in the Northern District of Texas. Thus, that part of Defendants' motion is now moot.

Turning to the remainder of the motion, the court grants it in part as set forth below.

## BACKGROUND

This case has a storied past with filings in multiple jurisdictions and an appeal to the Tenth Circuit. In short, this cadre of disputes began in 2018 when Canadian citizen and Defendant Mogens Smed, was ousted as Chief Executive Officer of DIRTT Environmental

---

[1] ECF No. 260.

Solutions, Ltd. Following the dismissal, Smed founded the Canadian company Falkbuilt, Ltd with Falkbuilt, Inc. as its U.S. subsidiary. Plaintiffs then filed suits in a Canadian court, this district, and Texas in 2021. These suits generally revolve around allegations of the misappropriation of trade secrets and the recruitment of employees and affiliates.

On April 11, 2023, the Tenth Circuit remanded the case holding it was improper to dismiss the action on *forum non conveniens* grounds as to the Falkbuilt entities and Smed. This court was directed to exercise jurisdiction over the entirety of the action.[2]

Approximately two months ago in March 2024, Defendants moved to dismiss the Second Amended Complaint for *Forum Non Conveniens*.[3] That motion is still pending. Shortly thereafter, Plaintiff sought to amend the scheduling order. Following entry of an amended schedule, Defendants filed the instant motion.

## DISCUSSION

At the outset, the court finds based on the Local Rules and the disagreement between the parties regarding scheduling, that the amended scheduling order should be vacated. Accordingly, that part of Defendants' Motion is granted. The parties are to work together to stipulate to a new schedule. If agreement cannot be reached, the parties are to jointly file a motion for an amended schedule noting their proposed differences.[4]

The court next turns to the request to stay discovery pending resolution of Defendants' Motion to Dismiss. As noted above, the Fifth Circuit has issued a decision in a related appeal. Thus, there is no need to wait for resolution of that matter by staying the instant case.

---

[2] *DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*, 65 F.4th 547, 556 (10th Cir. 2023) (remanding with "instructions for the district court to exercise jurisdiction over the entirety of Appellants' action").

[3] ECF No. 255.

[4] The parties' respective proposed orders are to be emailed to chambers for consideration.

Defendants argue the factors previously considered by the court in staying the case during the pendency of the Tenth Circuit appeal also weigh in favor of a current stay.[5] In that prior decision, the court noted its power to stay proceedings, which is incidental to the power to control the disposition of cases on its docket.

> When deciding to exercise its inherent power to stay, the court considers: "'(1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent results; and (3) whether the stay would not work undue hardship or prejudice against the plaintiff.'"[6]

After considering those factors, the court found they narrowly weighed in favor of a stay at that time.

Plaintiffs oppose any stay, arguing the case should not be stayed because of the long delay in this matter, the Tenth Circuit's explicit directive to exercise jurisdiction over the entire case "without any discretion to refuse to proceed"[7], and prejudice that will result for all parties.

As noted by this court in another matter, "the mere filing of a potentially dispositive motion based on jurisdictional grounds does not provide a basis for the court to grant a stay of discovery."[8] In considering the entire record, it is not certain Defendants' Motion to Dismiss will be successful, and Defendants have not demonstrated a "clear case of hardship or inequity" if they were to engage in discovery.[9] Although the Tenth Circuit did not limit the court's discretion

---

[5] *Dirtt Env't Sols., Inc. v. Henderson*, No. 1:19-CV-144 DBB DBP, 2021 WL 3726604 (D. Utah Aug. 23, 2021).

[6] *Id.* 2021 WL 3726604, at *1 (quoting *U.S. ex rel. Cache Valley Elec. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 2:13-CV-01120-DN, 2015 WL 164064, at *3 (D. Utah Jan. 13, 2015) (quoting *Sparks v. Saxon*, No. 2:09–cv–00151–DAK, 2009 WL 2886029 at *5 (D. Utah Sep. 3, 2009) (unpublished)).

[7] ECF No. 263 p. 2.

[8] *Classic Aviation Holdings LLC v. Harrower*, No. 220CV00824RJSJCB, 2021 WL 633587, at *2 (D. Utah Feb. 18, 2021) (*citing Fabara v. GoFit, LLC*, No. CIV 14-1146 JB/KK, 2015 WL 3544296, at *1 (D.N.M. May 13, 2015) (Fabara I) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction)).

[9] *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987, (10th Cir. 2000) ("When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party.") (quoting *Span–Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir.1985)).

to grant a stay, Defendants fail to persuade the court that the aforementioned factors weigh in favor of a stay. Moreover, Defendants have failed to identify any extreme circumstances justifying a stay.[10]

## ORDER

For the foregoing reasons, Defendants' Motion is GRANTED in PART and DENIED in PART. The parties are ordered to submit a new proposed amended schedule to the court.

IT IS SO ORDERED.

DATED this 22 May 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[10] *Classic Aviation*, 2021 WL 633587, at *3; *see also United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, No. 2:15-cv-00119-JNP-EJF, 2017 WL 5241002, at *2 (D. Utah June 23, 2017) (quoting Fed. R. Civ. P. 1 finding a stay would hinder the "just, speedy, and inexpensive determination of every action and proceeding").